IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN E. FELGAR, | ) | |
| Plaintiff | ) | C.A. No. 07-268 |
| | ) | |
| v. | ) | |
| | ) | **District Judge McLaughlin** |
| JEFFREY D. BURKETT, et al., | ) | **Magistrate Judge Baxter** |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

It is respectfully recommended that, pursuant to the authority granted to courts in the Prison Litigation Reform Act, Plaintiff's claims against all named Defendants be dismissed in their entirety, due to this Court's lack of subject matter jurisdiction. It is further recommended that, pursuant to the same authority, Plaintiff's claims against unnamed Defendant John Doe # 1 be dismissed in their entirety, as Plaintiff has failed to identify and serve said Defendant within 120 days, in accordance with the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, and, in any event, continued pursuit of those claims against such Defendant would be frivolous, based upon this Court's lack of subject matter jurisdiction. It is further recommended that, based on the foregoing:

1.   The Commonwealth Defendants' Motion to Dismiss Amended Complaint [Document # 46] be dismissed as moot; and

2.   The non-Commonwealth Defendants' Motion to Dismiss Plaintiff's Amended Complaint or, in the Alternative, Motion for Summary Judgment [Document # 48] be dismissed as moot.

**II.    REPORT**

**A.    Relevant Procedural History**

On October 5, 2007, Plaintiff John E. Felgar, an inmate formerly incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), filed this *pro se* civil

rights action pursuant to 42 U.S.C. § 1983.[1] Plaintiff subsequently filed an Amended Complaint on or about January 23, 2008, in which he provided the names of two Defendants identified in the original Complaint as "John Doe # 2" and "John Doe # 3," amended the original Complaint's preliminary statement to include an Eighth Amendment claim, and clarified various allegations of the original Complaint. [Document # 20]. Named as Defendants are: Jeffrey D. Burkett, Jefferson County District Attorney ("Burkett"); Jefferson County Assistant District Attorneys Gregory Bazylak ("Bazylak"); Lavieta Lerch ("Lerch"); and "John Doe # 1;"[2] Tonya S. Geist, Jefferson County Prothonotary ("Geist"); Larry Straitiff Jefferson County Chief Probation Officer ("Straitiff"); John Engros, Jefferson County Public Defender ("Engros"); Fred Hummel, Esquire, a private attorney who was appointed to represent Plaintiff in the underlying criminal proceeding at issue in this case ("Hummel"); Daniel Ogden, Warden of Operations and Security at the Jefferson County Jail ("Ogden"); Harry Dunkle, Deputy Warden of Administration at the Jefferson County Jail ("Dunkle"); Thomas Demco, Jefferson County Sheriff ("Demco"); Jefferson County Deputy Sheriffs Carl Gotwald ("Gotwald") and Kirk Brudnock ("Brudnock"); Marilyn Brooks, former Superintendent at SCI-Albion ("Brooks"); William Harrison, Pennsylvania Department of Corrections' ("DOC") Chief Classification Director ("Harrison"); SCI-Albion Records Department staff members Beth Miller Klauk ("Klauk"), Patricia Thompson ("Thompson"), and James Noon, Jr. ("Noon"); C. Gill, Records Supervisor at SCI-Albion ("Gill"); Mr. Bryant, former Assistant Superintendent at SCI-Albion ("Bryant"); Michael Clark, Grievance Officer at SCI-Albion ("Clark"); Sharon Burks, DOC's Chief Grievance Officer ("Burks"); William Barr, former Assistant Superintendent at SCI-

---

[1] Plaintiff is presently incarcerated at the State Correctional Institution at Chester, Pennsylvania, after having been convicted of charges unrelated to those at issue in this case.

[2] The docket in this case indicates that John Doe # 1 has not been identified or served by Plaintiff, and no attorney has entered an appearance on his behalf.

Albion ("Barr"); SCI-Albion Unit Counselors Katlin Carson ("Carson") and Ms. Gamble ("Gamble"); Patricia McKissock, Unit Manager at SCI-Albion ("McKissock"); Jeffrey A. Beard, DOC's Secretary of Corrections ("Beard"); William Stickman, DOC's Deputy Secretary of Corrections ("Stickman"); Pennsylvania Attorney Generals Gerald J. Pappert ("Pappert") and Thomas W. Corbett, Jr. ("Corbett"); former Pennsylvania Senior Deputy Attorney Generals Robert S. Englesburg ("Englesburg") and Alexander Mericli ("Mericli"); and Pennsylvania Chief Deputy Attorney General Susan J. Forney ("Forney").[3]

In his Amended Complaint, Plaintiff alleges generally that Defendants violated his rights under the fifth, eighth and fourteenth amendments to the United States Constitution when they allegedly refused and/or conspired not to release him from imprisonment "despite their knowledge of a court order suspending the plaintiff's sentence of incarceration and placing him on (5) five years probation." (Amended Complaint at ¶¶ 101-103). Plaintiff also asserts state tort claims of false imprisonment, malice, abuse of process, negligence, fraud, and malicious prosecution. As relief for his claims, Plaintiff seeks monetary damages, as well as injunctive relief in the form of an order requiring, *inter alia*, that his criminal record be expunged, that all fines, costs and restitutions be reimbursed to him. (Amended Complaint at ¶¶ 106-108).

On February 25, 2008, the Commonwealth filed a Motion to Dismiss Amended Complaint [Document # 46], and the non-Commonwealth Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint or, in the Alternative, Motion for Summary Judgment [Document # 48], each arguing, *inter alia*, that Plaintiff has failed to state a claim upon which relief may be granted and/or that Plaintiff's claims are barred by the applicable statute of

---

[3] For convenience, Defendants Brooks, Harrison, Klauk, Gill, Thompson, Noon, Bryant, Clark, Burks, Barr, Carson, Gamble, McKissock, Beard, Stickman, Pappert, Corbett, Englesburg, Mericli, and Forney will be collectively referred to as "Commonwealth Defendants," while the remaining Defendants will be collectively referred to as "non-Commonwealth Defendants."

3

limitations.[4] Plaintiff has filed a response to these motions, essentially restating the allegations of his Amended Complaint. [Document # 51]. This matter is now ripe for consideration.

### B. Relevant Factual History

In or around August 2002, Plaintiff was charged in Jefferson County, Pennsylvania, with committing simple assault, terroristic threats and reckless endangerment. On August 22, 2002, Plaintiff entered into a negotiated plea agreement, which provided as follows:

> Defendant [Felgar] will plead guilty to simple assault and receive 6-24 months. Defendant [Felgar] will plead guilty to terroristic threats and receive 5 years [probation] concurrent with simple assault. Commonwealth will nolle pros remaining recklessly endangering [charge].

(See Plea Agreement attached as Exhibit B to Document # 50; Amended Complaint at ¶¶ 43-45).

A hearing on the plea agreement was held before the Honorable John H. Foradora of the Court of Common Pleas of Jefferson County on August 22, 2002, at which the terms of the agreement were explained on the record:

> [ASSISTANT DISTRICT ATTORNEY] SHAW: [T]he Commonwealth and Mr. Felgar, through Attorney Wheeler, have reached a plea agreement. In exchange for the guilty plea to Simple Assault, the defendant would receive six to twenty-four months in a state correctional facility.
>
> For the guilty plea to Terroristic Threats, he would receive five years probation concurrent with the sentence on the Simple Assault. The remaining charges of Recklessly Endangering would be nolle prossed.
>
> THE COURT: Mr. Wheeler?
>
> [DEFENSE ATTORNEY] WHEELER: That's a correct recitation of the plea agreement. I have presented the written colloquy to my client, and

---

[4] Because both sets of Defendants, as well as Plaintiff, have submitted a number of exhibits, the Commonwealth Defendants' motion to dismiss will be treated as a motion for summary judgment pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, which provides that "[i]f, on a motion ...to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56,..."

4

> he has filled out the nine questions, signed and dated it. I believe he understands the questions and answered them to the best of his ability.
>
> THE COURT: Mr. Felgar, is that your signature on the [plea agreement]?
>
> THE DEFENDANT [Felgar]: Yes, Your Honor.

(See Transcript of Plea and Sentencing Hearing attached as Exhibit B to Document # 47, at pp. 2-3).

After receiving the terms of the plea agreement, Judge Foradora then entered the following sentence on the record:

> THE COURT: The sentence of this Court on the charge of Simple Assault is you will receive six to twenty-four months in the state correctional facility and receive credit for any time served that you are legally entitled to. Pay all costs of prosecution.
>
> \*        \*        \*
>
> On the Terroristic Threats, you'll receive a sentence of five years probation to run concurrent with the time given on the Simple Assault charge....

(Id. at pp. 7, 9).

After the plea hearing, Judge Foradora then signed two orders intended to impose the sentences he rendered during the hearing, which were both dated August 22, 2002. (See Orders attached to the Amended Complaint as Appendix A, pp. 1-2). The first of these orders was entitled "Sentence," listed the charge in the caption as "Simple Assault (M-2), " and stated that Plaintiff was to, *inter alia*, "[u]ndergo imprisonment at a State Correctional facility for a minimum of six (6) months to a maximum of twenty-four (24) months, with credit given for time served." (See Sentence Order attached to Amended Complaint as Appendix A, p. 1 at ¶ 4).

The second order was entitled "Probation Order," but still listed the charge in the caption as "Simple Assault (M-2)", and stated that "the imposition of sentence is hereby suspended and the defendant is placed on probation for a period of FIVE (5) YEARS under the supervision of the Pennsylvania Board of Probation and Parole,..." (See Probation Order attached to Amended Complaint as Appendix A, p. 2). The Probation Order provided further that "[s]aid probation

5

shall run concurrent with the sentence imposed at No. 632-2001 Cr., charge of Simple Assault."
(Id. at ¶ 3).

On August 26, 2002, Judge Foradora issued an "Order Correcting Written Sentence Order of August 22, 2002" ("Amended Order") stating that it had come to his attention that "the written Sentence Order of August 22, 2002 incorrectly listed the charge as Simple Assault when it should be charged as Terroristic Threats," and ordering "that the written Sentence Order of August 22, 2002 is corrected to list the charge as "Terroristic Threats (M-1)." (See Amended Order attached to the Amended Complaint as Appendix A, p. 3). However, this attempt at correcting the record did more to confuse the matter, as the error sought to be corrected by Judge Foradora was actually contained in the Probation Order, not the Sentence Order.[5] Nevertheless, the Commitment Order dated August 28, 2002, tracked the terms of the sentence Judge Foradora issued on the record at the plea hearing, stating that "the above defendant [Felgar] after pleading guilty was on August 22, 2002 sentenced by Judge John H. Foradora to a term of not less than 6 months, ... nor more than ... 24 months ... for the offense of Simple Assault (Section 2701 A 1&3 of the Crimes Code)." (See Commitment Order attached as Exhibit D to Document # 50). On August 29, 2002, Plaintiff was transported to the State Correctional Institution at Pittsburgh, Pennsylvania to begin his period of incarceration. (Amended Complaint at ¶ 56).

On November 18, 2002, Plaintiff filed a petition for writ of habeas corpus ad subjeciendum in the Court of Common Pleas of Jefferson County "challenging his Sentence as illegal." (Id. at ¶ 68). On August 8, 2003, the Jefferson County Court held a hearing on Plaintiff's habeas petition, which was construed as a Petition for Post Conviction Relief. (Id. at ¶ 69). At this hearing, the following exchange occurred between Plaintiff and his court-

---

[5] As noted earlier, the caption of the **Probation Order** of August 22, 2002, incorrectly listed the charge as "Simple Assault (M-2)" instead of "Terroristic Threats (M-1)." However, the effect of Judge Foradora's Amended Order of August 26, 2002, was to change the charge listed in the caption of the **Sentence** Order of August 22, 2002, from "Simple Assault (M-2)" to "Terroristic Threats (M-1)."

6

appointed Public Defender, John Ingros:

> [ATTORNEY INGROS]: Do you recall the sentence, specifically, how much time?
>
> [FELGAR]: Six to 24 months for the Simple Assault and [sic] state correctional institution. And five years probation for Terroristic Threats.
>
> [ATTORNEY INGROS]: To be concurrent?
>
> [FELGAR}: Yes.

(See Transcript of Post Conviction Relief Act Hearing attached as Exhibit E to Document # 50, at p. 4).

Following the Jefferson County Court's denial of the habeas/PCRA petition on August 25, 2003, Plaintiff filed an appeal to the Pennsylvania Superior Court, which affirmed the denial of Plaintiff's petition, finding, in pertinent part:

> On August 22, 2002, appellant [Felgar] entered a plea of guilty to charges of simple assault and terroristic threats, with regard to an assault against DyAnna Hubler on August 5, 2001. The trial court sentenced appellant to serve six to twenty-four months' imprisonment for the simple assault charge and five years' probation for the terroristic threats charge, to run concurrently. The trial court entered a nolle prosse on the recklessly endangering charge as part of the negotiated plea agreement.

(See Superior Court Opinion attached as Exhibit F to Document # 50, at pp. 1-2).

Plaintiff ultimately served the maximum term of 24 months imprisonment on the simple assault conviction, plus an additional twelve months' of back time on a parole revocation sentence that was imposed as a result of Plaintiff's convictions for simple assault and terroristic threats. (Amended Complaint at ¶ 62). Plaintiff was released from incarceration on October 10, 2005, although he has since been recommitted on unrelated charges. (Id. at ¶ 91).

### C.     **Standards of Review**
#### 1.     **Motion to Dismiss**

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader

is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, ___ U.S. ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, ___ U.S. ___, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

**2.  Summary Judgment**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine as to any material fact and that the moving party is entitled to a judgment as matter of

8

law." Fed.R.Civ.P. 56(c). The party moving for summary judgment has the initial burden of showing the basis for its motion. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(non-movant must present affirmative evidence-more than a scintilla but less than a preponderance-to support his claims). When deciding a motion for summary judgment, a court must draw all reasonable inferences in the light most favorable to the non-movant. Bailey v. United Airlines, 279 F.3d 194, 198 (3d Cir. 2002) quoting Battaglia v. McKendry, 233 F.3d 720, 722 (3d Cir. 2000). Nonetheless, a party opposing summary judgment must do more than rest upon mere allegations, general denials, or vague statements, rather, "the party opposing the motion must go beyond its pleadings and designate specific facts by use of affidavits, depositions, admissions, or answers to interrogatories showing there is a genuine issue for trial." In re Ikon Office Solutions, 277 F.3d 658, 666 (3d Cir. 2002).

On a motion for summary judgment, the district court may not weigh the credibility or weight of the evidence, rather, it may only determine the existence of a triable issue of fact. Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992). A genuine issue is one in which the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

### 3. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state

a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).

### D. Discussion

Plaintiff's claims are based solely upon the following arguments: (i) Judge Foradora's original sentence and probation orders were "illegal" because they imposed a sentence beyond the two-year maximum sentence allowed for simple assault; and (ii) the effect of Judge Foradora's Amended Order was to suspend the sentence of imprisonment originally imposed for simple assault and to have Plaintiff serve only a five year sentence of probation for terroristic threats. As a result, Plaintiff is asking this Court to recognize that he was wrongfully incarcerated and to grant him relief accordingly.

Although neither set of Defendants has raised the issue, the first analysis must be to determine whether or not this court has jurisdiction over the subject matter, as the federal courts are courts of limited jurisdiction. Under the Rooker-Feldman Doctrine,[6] federal courts are prohibited "from exercising 'subject matter jurisdiction to review final adjudications of a state's

---

[6] This doctrine arises out of the decisions in Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303 (1983).

highest court or to evaluate constitutional claims that are inextricably intertwined with the state court's [decision] in a judicial proceeding.'" Ernst v. Child and Youth Services of Chester County, 108 F.3d 486, 491 (3d Cir. 1997), cert. denied, 522 U.S. 850, 118 S.Ct. 139 (1997)(quoting FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996))(internal citations omitted).  For the Rooker-Feldman Doctrine to be applicable here this Court must either "determine that the state court judgment was erroneously entered" or "take action that would render that judgment ineffectual" in order to grant Plaintiff the relief he requests.  Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 150 (1923).

Plaintiff claims that his constitutional rights were violated, and numerous state torts were committed, by Defendants' actions in pursuing, enforcing, allowing and/or condoning his alleged wrongful imprisonment.  Plaintiff is, in essence, asking this Court to conduct a *de novo* review of all state court proceedings related to his convictions and sentences, in an effort to have the state court judgments expunged and damages assessed against those individuals deemed responsible for the imposition and execution of such judgments.  In order to grant such relief, a determination that the state court judgments were erroneous must occur, and in particular, such relief would render the state court decisions "ineffectual."  Plaintiff cannot seek review of state court decisions in this court under the guise of civil rights claims when his numerous state court appeals seeking the same relief have already been denied.

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that, pursuant to the authority granted to courts in the Prison Litigation Reform Act, Plaintiff's claims against all named Defendants be dismissed in their entirety, due to this Court's lack of subject matter jurisdiction. It is further recommended that, pursuant to the same authority, Plaintiff's claims against unnamed Defendant John Doe # 1 be dismissed in their entirety, as Plaintiff has failed to identify and serve said Defendant within 120 days, in accordance with the requirements of Rule

11

4(m) of the Federal Rules of Civil Procedure, and, in any event, continued pursuit of those claims against such Defendant would be frivolous, based upon this Court's lack of subject matter jurisdiction. It is further recommended that, based on the foregoing:

1. The Commonwealth Defendants' Motion to Dismiss Amended Complaint [Document # 46] be dismissed as moot; and

2. The non-Commonwealth Defendants' Motion to Dismiss Plaintiff's Amended Complaint or, in the Alternative, Motion for Summary Judgment [Document # 48] be dismissed as moot.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights. See, e.g., Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated: July 16, 2008

cc: The Honorable Sean J. McLaughlin
United States District Judge