**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JOHN E. FELGAR,              )
                                              )
              Plaintiff,      )
v.                          )      C.A. No. 07-268 Erie
                                              )
JEFFREY D. BURKETT, et al.,   )
                                            )
              Defendants.    )

## <u>MEMORANDUM ORDER</u>

Plaintiff's civil rights complaint was received by the Clerk of Court on October 5, 2007 and was referred to Chief United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

The Chief Magistrate Judge's report and recommendation, filed on July 16, 2008 [53], makes the following recommendations:

1.    that, pursuant to the authority granted to courts in the Prison Litigation Reform Act, Plaintiff's claims against all named Defendants be dismissed in their entirety, due to this Court's lack of subject matter jurisdiction;

2.    that, pursuant to the same authority, Plaintiff's claims against unnamed Defendant John Doe # 1 be dismissed in their entirety, as Plaintiff has failed to identify and serve said Defendant within 120 days, in accordance with the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, and, in any event, continued pursuit of those claims against such Defendant would be frivolous based upon this Court's lack of subject matter jurisdiction;

3.    that, the Commonwealth Defendants' Motion to Dismiss Amended Complaint [46] be dismissed as moot; and

4.    that the non-Commonwealth Defendants' Motion to Dismiss Plaintiff's Amended Complaint or, in the Alternative, Motion for Summary Judgment [48] be dismissed as moot.

The parties were allowed ten (10) days from the date of service in which to file objections.  Plaintiff's objections [56] were filed on August 25, 2008.

After de novo review of the Complaint and the documents in the case, together with the Report and Recommendation and Plaintiff's objections thereto, this Court finds that the Chief Magistrate Judge's Report and Recommendation is persuasive, and it will therefore be adopted by this Court.

Alternatively, however, even if this Court had subject matter jurisdiction, summary judgment in favor of the defense would nevertheless be appropriate because the undisputed facts demonstrate that the Plaintiff's sentence was not "illegal" and no constitutional right was violated.  As set forth in the Commonwealth Defendants' Brief in Support of Motion to Dismiss Amended Complaint [47] at pages 9-13, the non-Commonwealth Defendants' Brief in Support of Motion to Dismiss Plaintiff's Amended Complaint or, In the Alternative, Motion for Summary Judgment [49], and the Relevant Factual History of the Chief Magistrate Judge's Report and Recommendation [53], the Defendant agreed to the sentence on August 22, 2002 as reflected in the plea colloquy.

Thereafter, Judge Foradora imposed the following sentence on the record:

> THE COURT:  The sentence of this Court on the charge of Simple Assault is you will receive six to twenty-four months in the state correctional facility and receive credit for any time served that you are legally entitled to.  Pay all costs of prosecution ... [discussion of costs] Okay.  Pay $128 restitution to Dyanna Hubler.  Pay a $200 fine.  And that's the sentence on the Simple Assault.

> ***

> On the Terroristic Threats, you'll receive a sentence of five years probation to run concurrent with the time given on the Simple Assault charge.  You will pay a $200 fine and all costs of prosecution, and abide by all of the standard terms and conditions of probation when you're released.  Do you have any questions, Mr. Felgar?

> THE DEFENDANT:  No, Sir, I don't.

(Appendix to Mot. to Dismiss or, in the Alternative, Mot. for Summ. Judg., Ex. C [50-4] at pp. 8-11 of 12.)

Plaintiff's position that he should be the beneficiary of a clerical error in the subsequent sentencing orders that failed to accurately reflect the sentence imposed is, quite simply, frivolous.  Accordingly, the following order is entered:

AND NOW, this 15th Day of September, 2008, IT IS HEREBY ORDERED that:

1.      Pursuant to the authority granted to courts in the Prison Litigation Reform Act, Plaintiff's claims against all named Defendants be, and hereby are, dismissed in their entirety, due to this Court's lack of subject matter jurisdiction;

2.      Pursuant to the same authority, Plaintiff's claims against unnamed Defendant John Doe # 1 be, and hereby are, dismissed in their entirety, as Plaintiff has failed to identify and serve said Defendant within 120 days, in accordance with the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, and, in any event, continued pursuit of those claims against such Defendant would be frivolous based upon this Court's lack of subject matter jurisdiction;

3.      The Commonwealth Defendants' Motion to Dismiss Amended Complaint [46] be, and hereby is, DISMISSED as moot; and

4.      The non-Commonwealth Defendants' Motion to Dismiss Plaintiff's Amended Complaint or, in the Alternative, Motion for Summary Judgment [48] be, and hereby is, DISMISSED as moot.

The report and recommendation of Chief Magistrate Judge Baxter dated July 16, 2008 [53] is adopted as the opinion of this Court.

s/ Sean J. McLaughlin

SEAN J. McLAUGHLIN
United States District Judge

cm:     all parties of record.
        Chief U.S. Magistrate Judge Susan Paradise Baxter